UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN COLVIN, | ) | CASE NO.: 5:13CV2674 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on objections filed by Plaintiff Brian Colvin to the Report and Recommendation ("R&R") of the Magistrate Judge.  On November 5, 2014, Magistrate Judge Knepp issued his R&R recommending that the Commissioner's decision be affirmed.

For the reasons stated below, the objections are SUSTAINED.  The R&R is rejected. The decision of the Commissioner is REVERSED and this matter is REMANDED for further proceedings.

    I.    **Standard of Review**

District courts conduct *de novo* review of those portions of a magistrate judge's R & R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is

supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

## II. Colvin's Objections

Colvin's objections center on a singular premise – that the ALJ failed to analyze whether his impairments met Listing 1.04 and that the R&R's analysis of the ALJ's decision amounts to post-hoc reasoning.  The Court finds merit in these objections.

Colvin relies heavily on *Popp v. Commissioner*, 2014 WL 15113844 (N.D.Ohio Apr. 16, 2014) to support his objections.  A colleague in this District opined as follows when addressing a similar argument to Colvin's:

> Each listing specifies "the objective medical and other findings needed to satisfy the criteria of that listing." 20 C.F.R. §§ 404.1525(c)(3), 416.925(c)(3). A claimant must satisfy all of the criteria to "meet" the listing. *Id.*; *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir.2009). However, a claimant is also disabled if his impairment is the medical equivalent of a listing, 20 C.F.R. §§ 404.1525(c)(5), 416.925(c)(5), which means it is "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. §§ 404.1526(a), 416.926(a). An ALJ must compare the medical evidence with the requirements for listed impairments in considering whether the condition is equivalent in severity to the medical findings for any Listed Impairment. *See Reynolds v. Comm'r of Soc. Sec.*, 2011 WL 1228165 at * 3–4 (6th Cir. April 1, 2011); *Hunter v. Comm'r of Soc. Sec.*, 2011 WL 6440762 at * 3–4 (N.D.Ohio Dec.20, 2011). In order to conduct a meaningful review, the ALJ must make sufficiently clear the reasons for his decision. *See Reynolds*, 2011 WL 1228165 at * 4–5; *Marok v. Astrue*, 2010 WL 2294056 at *3 (N.D.Ohio Jun.3, 2010); *Waller v. Comm'r of Soc. Sec.,* 2012 WL 6771844 at * 3 (N.D.Ohio Dec.7, 2012); *Keyes v. Astrue*, 2012 WL 832576 at * 5–6 (N.D.Ohio March 12, 2012).

*Id.* at *3 (emphasis omitted).   In addition, the Sixth Circuit has noted: "In short, the ALJ needed to

actually evaluate the evidence, compare it to Section 1.00 of the Listing, and give an explained conclusion, in order to facilitate meaningful judicial review. Without it, it is impossible to say that the ALJ's decision at Step Three was supported by substantial evidence." *See Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. Appx. 411 (6th Cir. 2011).

In the instant matter, there is no question that the ALJ reviewed the medical evidence presented by Colvin. However, at no point in time did the ALJ compare that evidence to the Listing, nor did the ALJ even summarily explain why the evidence did not meet the listing. The ALJ's analysis at this step reads as follows:

> In this matter, the claimant has failed to present such evidence. Nonetheless, I have the reviewed the entire record and have found that the evidence fails to satisfy any of the listings. Specifically, I considered listing 1.04(A), (B) and (C). I also considered listing 5.06. However, I considered the record as a whole and found that no treating or examining physician had indicated findings tha would satisfy the severity requirements of any listed impairment.

Doc. 14 at 22. This step in the ALJ's decision contains no further factual analysis, and it further fails to state which requirements were not satisfied. It is true that the R&R was able to examine the medical evidence discussed by the ALJ and determine that the Listing was not met. However, the R&R was the first time this analysis was completed. In fact, the ALJ's extensive discussion of Colvin's medical history was contained in the analysis determining Colvin's residual functioning capacity. It was not included or even referenced in the ALJ's decision regarding whether the listing had been satisfied. As such, the analysis within the R&R is not a review of the ALJ's decision at all, but rather an independent, post-hoc analysis of whether Colvin's claim includes "involvement of the lower back." Because there is no analysis of any kind with respect to the Listing, the matter must be remanded for further analysis.

### III. Conclusion

Colvin's objections are sustained. The Magistrate Judge's Report and Recommendation

is REJECTED. The judgment of the Commissioner is hereby REVERSED and the matter is REMANDED for further proceedings.

    IT IS SO ORDERED.


Dated: March 31, 2015                              */s/ John R. Adams*
                                                          JUDGE JOHN R. ADAMS
                                                          UNITED STATES DISTRICT JUDGE